**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RANDALL LEE DAMPIER,

      *Plaintiff,*

v.

      Case No. 4:25-cv-01669-MAL

GEORGE LOMBARDI, et al.,

      *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Randall Lee Dampier, a self-represented litigant incarcerated at the Algoa Correctional Center, has filed an Application for leave to proceed *in forma pauperis* in this civil action.  (Doc. 3).  The Court will deny the Application without prejudice, and direct Plaintiff to either pay the $405 filing fee or file a fully-completed and accurate application that is accompanied by the account statement required by 28 U.S.C. § 1915(a)(2).  The Court will also deny Plaintiff's Motion to Appoint Counsel, without prejudice.  (Doc. 2).

## I.    Background

The Clerk of this Court must require a filer instituting this type of civil action to pay a statutory filing fee along with any additional fees set by the Judicial Conference of the United States.  28 U.S.C. § 1914(a), (b).  At present, the total fee is $405.  This Court may "authorize the commencement" of any suit, action, or

proceeding without the prepayment of the fee if a filer is "unable to pay such fees or give security therefor" and files an affidavit stating the filer's assets, his or her inability to pay, and the nature of the action.  *See* 28 U.S.C. § 1915(a)(1).

An additional requirement applies when, as here, the filer is a prisoner.  Under the Prison Litigation Reform Act of 1996, a prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  The Court must use that account statement to calculate an initial partial filing fee that is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account.  28 U.S.C. § 1915(b)(1).

In the application before the Court, Plaintiff left blank the lines provided for him to disclose wages he received.  (Doc. 3 at 1).  He stated he received "$25 - $50" per month from a girlfriend, but disclosed no other source of income.  *Id.*  He stated he has no money in any account.  *Id.* at 2.

With the application, Plaintiff filed an account statement for the period December 14, 2024, through October 27, 2025.  (Doc. 4).  Despite the fact that Plaintiff disclosed no wages or income other than money from a girlfriend, the account statement shows that Plaintiff received monthly payroll deposits to his account from January 2025 through October 2025.  *Id.* at 1–3.  Additionally, the statement reflects only the deposits and debits to Plaintiff's account.  The column reflecting his account balance was omitted.  *See id.*

## II.    Discussion

It appears that Plaintiff did not accurately disclose his income in the application.  It also appears that Plaintiff provided an account statement with an omitted balance column, which leaves the Court unable to calculate an initial partial filing fee in accordance with section 1915(b)(1).  The Court will deny the application, without prejudice, and direct Plaintiff to either pay the $405 filing fee or file a fully-completed and accurate application accompanied by "a certified copy of the trust fund

account statement (or institutional equivalent)" "for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of" his institution. 28 U.S.C. § 1915(a)(2).

If Plaintiff files an application and the Court grants it, the Court will assess an initial partial filing fee and direct Plaintiff to pay it. After Plaintiff pays the initial partial filing fee, the Court will require him to pay the remainder of the filing fee in installments over time. *See* 28 U.S.C. § 1915(b)(2). Also, the Court will review Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it is subject to summary dismissal. Plaintiff will remain responsible for paying the filing fee even if the Court dismisses his case upon initial review. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). If Plaintiff pays the $405 filing fee in full, the Court will review his complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it is subject to summary dismissal.

Plaintiff has also filed a Motion to Appoint Counsel. (Doc. 2). Civil litigants do not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

At present, there is no indication that the appointment of counsel is warranted, so the Court will deny the Motion. However, recognizing that circumstances may change, the Court will deny the Motion without prejudice, and will entertain future such motions as appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **DENIED** without prejudice.

3

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, Plaintiff must either pay the $405 filing fee in full, or file a fully-completed and accurate application to proceed in district court without prepaying fees or costs that is accompanied by "a certified copy of the trust fund account statement (or institutional equivalent)" "for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of" his institution.  28 U.S.C. § 1915(a)(2).  Failure to pay the filing fee or file an accurate *in forma pauperis* application will result in dismissal of this action.  *See* E.D. Mo. L. R. 2.01(B) (requiring filing fee to be paid to commence an action).

**IT IS FURTHER ORDERED** that the Clerk shall send Plaintiff a copy of the Court's form application to proceed in district court without prepaying fees or costs.

Dated this 14th day of May, 2026.


_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

4